```
UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
- - - - - - - - - - - - - - - - - X

WILLIAM J. BLASI,

                    Plaintiff,
                                            ORDER
        -against-
                                            CV 00-5320 (BMC)(MDG)
THE NEW YORK CITY BOARD OF
EDUCATION, et al.,

                    Defendants.

- - - - - - - - - - - - - - - - - X

WILLIAM J. BLASI,
                    Plaintiff,

        -against-
                                            CV 03-3836 (BMC)(MDG)
THE NEW YORK CITY BOARD OF
EDUCATION, et al.,

                    Defendants.

- - - - - - - - - - - - - - - - - X
```

These two consolidated cases have been reassigned to me for pretrial supervision. A discovery conference will be held on September 22, 2006 at 11:00 a.m. to discuss the remaining discovery in these two cases.

After review of pertinent files, I make the following observations regarding past proceedings in the CV 00-5320 action to clarify the record and assist in defining the issues remaining. At the initial conference held on January 31, 2001, this court set a discovery deadline of August 31, 2001. As reflected in the docket sheet, a number of discovery conferences were held at which the discovery deadline was extended and various discovery disputes

addressed.[1]

In September 2001, plaintiff filed motions to amend and for a preliminary injunction.  By order dated February 18, 2002, this Court granted the motion to amend and directed that the amended complaint be promptly filed.  Ct. doc. 33.  However, because the plaintiff wanted again to amend the complaint to assert new claims for retaliation and claims arising from a hearing held on March 2, 2002 on revocation of plaintiff's teaching license, plaintiff and two prior counsel for defendants, Michael Tiliakos and then Alexandra Standish, agreed that defendants would not answer the amended complaint until plaintiff further amended his complaint.  <u>See</u> letter of William Blasi dated July 24, 2003, attaching letter dated April 18, 2002 addressed to Michael Tiliakos to be docketed.  In an effort to see if amendment could be accomplished without motion practice, this Court directed plaintiff to provide defendants with a new proposed amended complaint at a conference on July 2, 2002.

However, as described in this Court's order dated June 20, 2003 denying plaintiff's motion for leave to amend the complaint, plaintiff neither provided the proposed complaint nor filed a motion to amend by the deadline set, despite several extensions and warnings.  Ct. doc. 58; Transcript of 1/31/03 conference at 8-9.  Plaintiff filed objections to this order in a document entitled "Plaintiff's Opposition to Report and Recommendation of

---

[1] Conference calendars for conferences held on May 9, 2001 and April 7, 2004, which are not reflected on the docket sheet, will be filed.

Mag. Go dated 6/30/03." Ct. doc. 77. There has been no ruling on the objection.

At a conference on August 19, 2003, plaintiff discussed his agreement with prior counsel for defendants to defer service and an answer to the amended complaint that this Court had previously granted leave to file. Transcript of 8/19/03 conference at 11-12. This Court agreed that plaintiff should proceed to serve and file the first amended complaint that the Court had permitted. Id. at 11-12. (The copy of the amended complaint, which is not reflected on the docket sheet and was in the Court file, will be filed).

At a conference on August 14, 2003, this Court also extended the discovery deadline to November 23, 2003. See ct. doc. 63. At three further scheduled discovery conferences in 2003, this Court made rulings with respect to various discovery applications made by the parties. See minute entries for conferences on 8/19/03 (ct. doc. 74), 9/24/03 (ct. doc. 75), 11/7/04 (ct. doc. 79). At the conference on November 7, 2003, this Court set a further schedule for motions to compel on remaining discovery disputes. Ct. doc. 79. The hearing for these remaining motions was ultimately held on January 23, 2004. At this hearing, this Court again extended the discovery deadline to March 1, 2004, but only to discuss the remaining issues discussed at the conference. Transcript of 1/23/04 conference at 47. This Court also set a further deadline for any motions to compel, but only as to any remaining document production and enforcement of any prior discovery order. Id. at 44, 47.

Because plaintiff faxed a motion to compel on April 1, 2004

rather than by the March 1, 2004 deadline set, this Court denied plaintiff's motion at a conference on April 2, 2004.  See ct. doc. 96.  This Court also sanctioned plaintiff $100 for failure to provide discovery previously ordered but stayed imposition of the sanction until 4/16/04.  Id.  As reflected in this Court's order of June 2, 2004 endorsed on the letter of Assistant Corporation Rippi Gill (ct. doc. 95) and in Ms. Gill's letters dated June 23, 2005 and July 31, 2006 (ct. docs. 107, 115), plaintiff has not yet provided the discovery ordered.

Because discovery had closed, this Court also set a schedule for a summary judgment motion at the conference on April 2, 2004. Ct. doc. 96.  Although Judge Johnson stayed briefing of the motion pending disposition of a related Article 78 proceeding at a hearing on April 7, 2004 (ct. doc. 97), this Court advised the parties had to complete all remaining discovery ordered.  See conference calendar for April 7, 2004 (to be docketed).

If there is any other discovery that the parties seek to conduct other than as set forth in Ms. Gill's letters dated June 23, 2005 and July 31, 2006, the parties should send a report to the Court by September 18, 2006.

SO ORDERED.

Dated:    Brooklyn, New York
          September 1, 2006

/s/
MARILYN D. GO
UNITED STATES MAGISTRATE JUDGE